IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**KENNY RAY SMITH**                                            **PETITIONER**

**v.**                                                         **No. 1:01CR34-B**

**UNITED STATES OF AMERICA**                                **RESPONDENT**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Kenny Ray Smith for a writ of *habeas corpus* under 28 U.S.C. § 2255. The government responded to the petition September 9, 2005. The petitioner has replied. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be denied.

### Facts and Procedural Posture

The petitioner was indicted March 2, 2001, in two counts of a nine-count Indictment. He was charged with (1) conspiring to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 841 and 846, and (2) distributing in excess of five grams of cocaine base. On August 28, 2001, a plea agreement with the government, signed by the petitioner and his counsel, was filed with the court. The agreement provided that the petitioner would plead guilty to count nine that charged distribution of in excess of 5 grams of cocaine base on November 1, 1999, which, as the plea agreement stated, "carries maximum possible penalties of not less than 5 years and not more than 40 years imprisonment." The government agreed to dismiss the other counts. The petitioner also agreed to cooperate with the government in the investigation of other persons involved in criminal activity, and the government agreed that if his cooperation qualified as substantial assistance in the judgment of the United States Attorney, consideration

would be given to filing an appropriate motion for a sentence reduction.

The plea agreement expressly provided that "there is no agreement as to the sentence to be imposed, which will be in the sole discretion of the Court subject to the Federal Sentencing Guidelines, which have been explained to defendant by his attorney," and further that "Apart from being advised of the applicability of the U. S. Sentencing Guidelines, no promises or representation whatsoever has been made to defendant as to what punishment the Court might impose if it accepts the plea(s) of guilty."

The plea agreement also included the following provision:

> 6. **WAIVER OF ALL APPEALS AND COLLATERAL ATTACKS**. Defendant KENNY SMITH, **hereby expressly waives his rights to** appeal the conviction and/or sentence imposed in this case, and the manner in which sentence was imposed, on any ground whatsoever, including but not limited to the grounds set forth in 18 U.S.C. § 3742. Defendant KENNY SMITH, also hereby expressly waives all rights to contest or collaterally attack the conviction and/or sentence, and the manner in which sentence was imposed, in any post-conviction proceeding, including but not limited to a motion brought pursuant to 28 U.S.C. § 2255. Defendant KENNY SMITH, waives these rights in exchange for the concessions and recommendations made by the United States in this plea agreement.

Pursuant to the plea agreement, the petitioner appeared with his counsel before the court August 30, 2001, to tender a guilty plea to Count Nine. The court advised and questioned the petitioner regarding the essentials of a valid guilty plea and the petitioner affirmed under oath that he understood:

1.  He had the right to a trial at which the government would be required to prove him guilty beyond a reasonable doubt before he could be found guilty. (Plea. Tr. 7).

2.  He was charged with distributing in excess of 5 grams of cocaine base, that is, crack cocaine, and before he could be convicted, the government would have to prove beyond a

reasonable doubt that on November 1, 1999, he knowingly and intentionally distributed more than 5 grams of crack cocaine (Plea Tr. 9-10).

3. The maximum possible punishment he faced as a result of his guilty plea was imprisonment for not less than 5 years and not more than 40 years (Plea Tr. 10).

4. No one made any promises other than the plea agreement that caused him to plead guilty (Plea Tr. 12).

Following the colloquy with the petitioner, the court made the plea agreement a part of the record and asked the prosecutor if the agreement contained any special provisions. At that time the Assistant United States Attorney mentioned the provision waiving all appeals on the sentence and conviction. (Plea Tr. 12). The court then directed the prosecutor to state the factual basis for the petitioner's guilty plea. The court found there was a factual basis for the petitioner's guilty plea and that it was knowingly and voluntarily entered and accepted it (Plea Tr. 15).

Following entry of the guilty plea, the Probation Service prepared a presentence report. The government had no objections; defense counsel, however, filed several objections relating to the safety valve and to the use of drug quantities related to relevant conduct in calculating the petitioner's sentence on the count of conviction.

On December 19, 2001, the petitioner appeared with his counsel before the court for sentencing. The court noted the petitioner's objections to the presentence report. In an effort to refute the factual findings of the report, the petitioner called several witnesses. In response, the government called Michael Lockett, who testified that he had purchased in the year 2000 approximately 14 to 18 ounces of cocaine base. (Sent. Tr. 30). Following the presentation of proof, the court found the petitioner had a total offense level of 34, which called for a sentencing

range of 151 to 188 months imprisonment. (Sent. Tr. 58). The court sentenced the petitioner to 188 months imprisonment. (Sent. Tr. 58).

On December 16, 2002, the petitioner filed the instant *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The petitioner seeks a new trial or withdrawal of his plea of guilty.

## Discussion

An informed voluntary waiver of post-conviction relief is a valid a bar to such relief. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Only claims of ineffective assistance of counsel *directly affecting the validity of the waiver or the plea itself* survive a knowing and voluntary waiver. *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). The petitioner makes several claims regarding the validity of his plea, but he has not challenged the waiver of his right to seek an appeal or post-conviction collateral relief. The petitioner claims that the government breached its plea agreement by using uncharged conduct as relevant conduct to determine the petitioner's sentence on the conduct charged. He claims further that the government breached its plea agreement by failing to move for a downward departure for substantial assistance. The petitioner also argues that his counsel was ineffective in failing to file a direct appeal (and, ostensibly, in failing to overcome the waiver of appellate and post-conviction rights) based upon the government's perceived breached of the plea agreement. None of these arguments has merit. As such, the instant petition for a writ of *habeas corpus* under 28 U.S.C. § 2255 shall be denied.

## Use of Uncharged Conduct to Determine
## the Petitioner's Sentence Under the Guidelines

The petitioner makes two arguments regarding use of uncharged conduct. First, he argues that the government must not use uncharged conduct to determine conduct relevant to sentencing. The petitioner argues further that the government's decision to use conduct arising out of charges dismissed under a plea agreement constitutes a violation of that plea agreement. Both of these arguments are without merit.

The government may use conduct not charged in the indictment to determine which conduct is relevant in determining the appropriate Guideline sentence. *United States v. McCleskey*, 9 F.3d 368, 377 (5th Cir. 1993) (internal quotation marks omitted), *cert. denied*, 511 U.S. 1042 (1994). This holds true even if the government, in a plea agreement, has promised not to prosecute other offenses in the indictment. *Id.* Indeed, "[I]f the government promises not to prosecute a defendant for certain offenses in exchange for a guilty plea to a different offense, the sentencing court may nevertheless consider the relevant but uncharged conduct as long as the punishment selected is within the statutory range for the offense of conviction." *Id.* That is precisely what happened in the instant case. The petitioner was indicted on multiple charges, and the government agreed to dismiss all but one charge for a guilty plea. Then the government aggregated the conduct relating to the remaining charge and the dismissed charge to increase the amount of cocaine attributable to the petitioner from 27.6 grams (the amount recited in the remaining charge and at the change of plea hearing) to approximately 8 *kilograms* (the total amount set forth in the Presentence Investigation Report – derived from investigating the petitioner's participation in multiple counts). Even with such a drastic difference in the amount

of drugs at issue from the change of plea hearing to sentencing, a plea is both knowing and voluntary *if the defendant was informed of the maximum sentence for the charge at the change of plea hearing*. *United States v. Dees*, 125 F.3d 261 (5th Cir. 1997), *cert. denied*, 522 U.S. 1152 (1998). In this case the court informed the petitioner that the maximum sentence for count nine (charging distribution of in excess of 5 grams of cocaine base) was "not less than five years or more than 40 years, two million dollar fine, supervised release for at least four years." Plea Tr. p. 11. In addition, the plea agreement itself stated that count nine, "carries maximum possible penalties of not less than 5 years and not more than 40 years imprisonment." The petitioner and his attorney signed the plea agreement. The petitioner was sentenced to a term of imprisonment of 188 months (15 years, eight months), which is less than half of the maximum sentence under the statute. As the petitioner was informed of the maximum penalty under the statute before pleading guilty, the court was free to include relevant conduct arising out of uncharged offenses to determine the appropriate sentence for the petitioner. This ground for relief is thus without merit, and does not set forth a reason to invalidate the petitioner's guilty plea.

### The Government's Decision Not to Seek a Downward Departure or Reduction in the Petitioner's Sentence

The petitioner argues that the government breached the plea agreement because it did not seek a downward departure prior to sentencing under Guideline 5K1.1 and 18 U.S.C. § 3553(e), or, after sentencing, a reduction in the petitioner's sentence under § 3553(e) and FED. R. CRIM. P. 35. A member of the Mississippi Bureau of Narcotics met with the petitioner on two separate occasions to determine if the petitioner was capable of providing any substantial assistance (Sent Tr. 33). The petitioner terminated the first interview because he desired counsel be present (Sent

Tr. 33). The interviewer terminated the second meeting because the petitioner lied. (Sent Tr. 34). The petitioner did not cooperate with the Mississippi Bureau of Narcotics; as such, he forfeited the opportunity to earn a downward departure or reduction in his sentence. The government thus did not breach the plea agreement, and the petitioner cannot use this ground for relief as a basis to invalidate his guilty plea.

### Ineffective Assistance of Counsel

The petitioner argues that his counsel was ineffective for failure to file an appeal regarding the government's "breach" of the plea agreement. As discussed above, the government did not breach the plea agreement. Thus a matter of logic, a criminal defense attorney "cannot be considered deficient for failing to raise claims knowingly and voluntarily waived in the process of plea bargaining." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). As such, this ground is without merit and must be dismissed.

In sum, all of the grounds for relief raised in the instant petition for a writ of *habeas corpus* shall be dismissed. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 30th day of March, 2006.

/s/ Neal Biggers

NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE