IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**KENNY RAY SMITH**                                                                                              **MOVANT**

v.                                                                                                   No. 1:01CR34-NBB-DAS

**UNITED STATES OF AMERICA**                                                                **RESPONDENT**

**ORDER DENYING DEFENDANT'S MOTION [156]
TO RECONSIDER THE COURT'S FINAL JUDGMENT**

The court interprets the instant motion [156], using the liberal standard for *pro se* litigants set forth in *Haines v. Kerner*, 404 U.S. 519 (1972), as a motion to amend judgment under Fed. R. Civ. P. 59(e). An order granting relief under Rule 59(e) is appropriate when: (1) there has been an intervening change in the controlling law, (2) where the movant presents newly discovered evidence that was previously unavailable, or (3) to correct a manifest error of law or fact. *Schiller v. Physicians Res. Grp. Inc.,* 342 F.3d 563, 567 (5th Cir. 2003). Smith argues in his motion that the court used the incorrect standard in dismissing his claim that counsel was ineffective in declining to file an appeal when Smith requested. Smith claimed in his § 2255 motion that the government breached the plea agreement by: (1) using uncharged conduct as relevant conduct in determining his offense level; (2) failing to move for a downward departure for substantial assistance. Smith believes that his grounds for appeal challenged the validity of the plea agreement, and, as such, counsel was required to seek an appeal if Smith requested one.

This argument is without merit. First, as the court discussed in its memorandum opinion, uncharged conduct may be used as relevant conduct to determine a defendant's offense level. Similarly, the decision to request a downward departure for substantial assistance rests solely with the government, which decided not to do so. Neither of these allegations directly involved the validity of

Smith's plea, and counsel cannot be found ineffective in failing to make invalid arguments. Further, as the court discussed in its memorandum opinion and final judgment, as part of his plea agreement, Smith *waived* his right to pursue a direct appeal or any type of post-conviction collateral relief, including *habeas corpus* relief under 28 U.S.C. § 2255, and he never challenged the waiver provision. Smith waived his right to appeal, and his allegations did not actually challenge the validity of his plea agreement. As such, he has neither asserted nor proven any of the justifications to amend a judgment under Fed. R. Civ. P. 59(e).

Finally, according to the United States Bureau of Prisons website, Mr. Smith was released from incarceration on November 8, 2013. As he has completed his sentence, the instant motion has become moot. As such, Kenny R. Smith's request to alter or amend judgment is **DENIED.**

**SO ORDERED**, this, the 24th day of March, 2015.

/s/ Neal Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE